(No. 11413.—Reversed and remanded.)

JOHN SEYMOUR, Appellant, *vs.* THE WOODSTOCK AND SYCAMORE TRACTION COMPANY *et al.* Appellees.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*

1. MECHANICS' LIENS—*when contractor has his remedy under Mechanic's Lien law as an original contractor.* Where a railroad company and a construction company organized to construct the railroad have the same officers, and are, in effect, one and the same, one who contracts with the construction company to build the railroad may pursue his remedy under the Mechanic's Lien law as an original contractor with the railroad company.

2. EQUITY—*when demurrer for want of equity cannot be sustained.* A demurrer to a bill for want of equity cannot be sustained unless the court is satisfied that no discovery or proof warranted by the allegations in the bill can make the subject matter of the suit a proper case in equity.

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. C. F. IRWIN, Judge, presiding.

CLIFFE & CLIFFE, and PEFFERS & WING, for appellant.

ZANE, MORSE & McKINNEY, and T. E. RYAN, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellant filed his bill in equity in the circuit court of DeKalb county on October 16, 1913, against the Woodstock and Sycamore Traction Company, the Chicago, Wau-

kegan and Fox Lake Traction Company, the Interurban Construction Company, the Northeastern Electric Railway Company and the Central Trust Company of Illinois, seeking to enforce a lien upon the property of the Chicago, Waukegan and Fox Lake Traction Company and the Woodstock and Sycamore Traction Company, railroad corporations, under the Railroad Lien law of the State, for certain amounts alleged to be due the complainant under certain contracts entered into between the complainant and the defendants for the construction of said railroads. The Central Trust Company answered generally, denying any knowledge of the allegations of the bill except as it was informed thereby, and setting up a prior lien upon the property as trustee under a certain deed of trust securing outstanding bonds of the Woodstock and Sycamore Traction Company. The Woodstock and Sycamore Traction Company and the Chicago, Waukegan and Fox Lake Traction Company filed a joint answer, denying knowledge of the allegations of the bill other than as informed thereby, except the contract with the Chicago, Waukegan and Fox Lake Traction Company, which that defendant admitted, but denied that complainant constructed and finished the work under the contract with that company in the manner provided by the contract. Both defendants denied that the complainant was entitled to a lien upon the right of way of the Woodstock and Sycamore Traction Company or upon any of the property of the Woodstock and Sycamore Traction Company or the Chicago, Waukegan and Fox Lake Traction Company for any cause alleged in the bill. There is no record of any answer by any of the other defendants or any default as to them. The record does contain a reference to the master in chancery to state an account between the parties and report his conclusions of law and fact, but there is no report of the master or anything to show what was done under such reference. On January 11, 1916, the complainant filed an amendment to the bill

of complaint, to which the Woodstock and Sycamore Traction Company filed a demurrer, which was sustained. On July 25, 1916, pursuant to leave of court, the complainant amended the amended bill of complaint by striking out certain language of the prior amendment and adding certain language thereto. A demurrer was sustained to the bill as finally amended. The complainant elected to stand by his bill of complaint as amended, and a decree was entered dismissing said bill for want of equity for the reason that it did not state facts sufficient to entitle the complainant to a mechanic's or material man's lien; but without prejudice to any right the complainant might have to proceed, either in law or in equity, otherwise than by a suit to enforce a lien for the enforcement of any claims he may have against the said defendants or any or either of them. On appeal to the Appellate Court for the Second District the decree dismissing complainant's bill was affirmed. A certificate of importance was granted by the latter court, and pursuant thereto an appeal has been prosecuted to this court.

It is assigned as error that the Appellate Court erred in affirming the decree of the circuit court sustaining the demurrer to the bill of complaint for the reason that the amended bill of complaint set up no cause of action, and this is the principal question raised by the demurrer. It is the contention of the appellees that the bill of complaint as amended did not allege facts showing that the complainant was entitled to a lien under the Railroad Lien law as original contractor for the Woodstock and Sycamore Traction Company, but that, if anything, he was a sub-contractor and was not entitled to a lien because of his failure to give notice as provided by statute in the case of sub-contractors. (Hurd's Stat. 1916, chap. 82, par. 8.) It is also claimed that the amendment to the bill, if it set up any cause of action at all, set up a new cause of action, and as the amendment was made more than six months after the work for

which the lien claimed was done or materials furnished, such action is barred under the statute.

The appellant claims that the original bill set up a cause of action in his favor as original contractor against the Woodstock and Sycamore Traction Company, and the amended bill is merely an amplification of the allegations of the original bill and did not set up any new cause of action. It is also the contention of appellant that while in the original bill of complaint he did not set up any contract as an original contractor with the Woodstock and Sycamore Traction Company but set up contracts with the Interurban Construction Company, the Northeastern Electric Railway Company and the Chicago, Waukegan and Fox Lake Traction Company, yet the said last three companies, while in form separate and distinct corporations, were organized for the purpose of constructing a single line of railroad, which was the Woodstock and Sycamore Traction Company; that they were mere dummies, and that the real party in interest was the Woodstock and Sycamore Traction Company; and that he was entitled, under the circumstances, as a matter of law, to claim a lien as if he had originally contracted with said last named company.

In the original bill of complaint the complainant alleged he was, and had been for many years, engaged in the business of railroad construction and in the furnishing of ties, materials and supplies and other articles necessary for the construction, maintenance, operation and repair of railroads; that on or about the 18th day of August, 1908, the complainant, as contractor, entered into a written contract with the Northeastern Electric Railway Company, a corporation duly organized under the laws of the State of Illinois, in and by which the complainant agreed to furnish all fence-posts, wire, bridge timber and iron, and agreed to construct and grade the road-bed and grub and clear the right of way for a certain railroad from Sycamore, in DeKalb county, Illinois, to connect with the Elgin and

Belvidere railroad, the said Northeastern Electric Railway Company being a construction company organized for the purpose of constructing a railroad to be called the Woodstock and Sycamore Traction Company, to extend from Sycamore, in the county of DeKalb, to Woodstock, in the county of McHenry. A copy of the contract is attached to the bill as an exhibit, which recites that it was made and entered into the 18th day of August, 1908, and that the contractor agrees to furnish all fence-posts and wire, all bridge timber and iron, all piles and driving, and grade the bed of the road and grub and clear the right of way for the following prices. Then follows what is apparently an extract from a proposition submitted by the complainant on August 19 to do the grading, excavating, clearing, grubbing, etc., at so much for each item, and to do the work in a good and workmanlike manner according to the specifications attached to the contract and under the direction of the engineer in charge of the work. It is further provided that the company agrees to pay the contractor on the 2d and 16th days of each month according to the engineer's estimate, and that the work would be pushed as fast as the company desired it, and no faster. It is signed by the Northeastern Electric Railway Company, by C. G. Lumley, president, and by the complainant.

It is further alleged that on February 9, 1909, the complainant entered into another contract in writing with the Northeastern Electric Railway Company, in and by which he agreed to furnish 65,000 No. 1 ties at forty-two cents each, payment to be made for 10,000 ties to be shipped prior to May 1, 1909, and within ten days from the date of their delivery $2100 of the Woodstock and Sycamore Traction Company's bonds were to be delivered at par, with an equal amount of the Woodstock and Sycamore Traction Company's common stock, and cash payments of $1000 on May 1 and June 1, 1909. This contract was executed by

the Northeastern Electric Railway Company, by Charles A. Spenny, secretary, and by the complainant.

It is further alleged in the bill that on March 17, 1910, the complainant, as contractor, entered into a written contract with the Interurban Construction Company of Chicago, a corporation duly organized under the laws of the State of Illinois, in and by which said contract the complainant agreed to unload certain material, ties, rails, etc., and lay the ties and steel, put in side-tracks as per specifications, and surface the road and distribute the material along said road and put in farm and road crossings as directed by said company, for the construction of a railroad to cover the distance from the Chicago and Great Western railroad tracks at Sycamore, going north to the south side of the tracks of the Chicago, Milwaukee and St. Paul Railroad Company at Genoa, Illinois, according to the survey made by the engineer of the Woodstock and Sycamore Traction Company, upon and along the right of way of the said Woodstock and Sycamore Traction Company as surveyed and laid out between the points aforesaid. This contract was duly entered into by the Interurban Construction Company, by C. G. Lumley, president, and Charles A. Spenny, secretary, the said Interurban Construction Company being a corporation organized for the purpose of constructing the Woodstock and Sycamore Traction Company, then in process of construction between the points above mentioned, according to the survey and plats as made by the engineer in the employ of the Woodstock and Sycamore Traction Company, the said C. G. Lumley being president and Charles A. Spenny being secretary of both of the said companies.

The bill further alleges that the complainant on March 17, 1910, entered into another certain contract with the Interurban Construction Company, by which he agreed to unload materials and do the same kind of work on the line of the Woodstock and Sycamore Traction Company

from the south side of the Chicago, Milwaukee and St. Paul Railroad Company's tracks at Genoa, Illinois, going north to the south side of the tracks of the Chicago and North-western Railroad Company at Marengo, Illinois. The bill also sets out another similar contract of the same date covering the distance from the intersection of State and Telegraph streets, in Marengo, to Woodstock, in the county of McHenry. The three contracts of March 17 were also attached to the bill as exhibits and were all similarly executed.

It is further alleged in the bill that on the 21st day of October, 1912, the complainant entered into a contract with the Chicago, Waukegan and Fox Lake Traction Company to execute, construct and furnish all the work (on which prices were thereafter fixed) necessary to be done to complete the railroad of the Woodstock and Sycamore Traction Company from the north side of its tracks on East Main street, in Genoa, to a connection with the tracks at the Woodstock and Sycamore Traction Company's car barn north of Genoa. A copy of the contract was attached to the bill and duly executed by the Chicago, Waukegan and Fox Lake Traction Company by Charles A. Spenny, who was then secretary of the Woodstock and Sycamore Traction Company, the said Chicago, Waukegan and Fox Lake Traction Company being then owner of a majority of the stock of the Woodstock and Sycamore Traction Company, said contract being for the construction and completion of the railroad of the Woodstock and Sycamore Traction Company, as aforesaid, between the points mentioned.

It is further alleged in the bill that complainant, in accordance with the terms of said contracts, did furnish fuel, ties, materials and supplies and other articles and things necessary for the construction, maintenance, operation and repair of the railroad of the Woodstock and Sycamore Traction Company, and did furnish and perform work and labor for such construction, maintenance, operation and repair in accordance with the terms of said contracts and

each of them. It is further alleged that on an account being taken by the complainant and the Woodstock and Sycamore Traction Company and the Chicago, Waukegan and Fox Lake Traction Company for the work performed under the terms of said contracts in furnishing fuel, ties, materials, supplies and other articles and things necessary for the construction, maintenance, operation and repair of such railroads, and for the performance of work and labor for the construction, maintenance, operation and repair of said railroads, there is due the complainant from the said Woodstock and Sycamore Traction Company and from the Chicago, Waukegan and Fox Lake Traction Company the sum of $20,000, and in order to secure the same he has and is entitled to a lien upon the right of way between the points mentioned in the aforesaid contracts of the Woodstock and Sycamore Traction Company and the Chicago, Waukegan and Fox Lake Traction Company, railroad corporations, and as against said railroads and as against all mortgages or other liens which have accrued after the commencement and delivery of the materials and other articles and the commencement of said work, said contracts not having been completed with said railroad corporations until on or about the first day of June, 1913, and complainant asks that he be decreed to be entitled to a lien upon all the property of the Chicago, Waukegan and Fox Lake Traction Company and the Woodstock and Sycamore Traction Company as against such railroads and as against all mortgages or other liens which have accrued after the commencement of the delivery of said material, as aforesaid, and after the commencement of said work and labor in construction of said railroads, for the amount due the complainant under said contracts; that the amount due may be ascertained, and that the said defendants, the Woodstock and Sycamore Traction Company and the Chicago, Waukegan and Fox Lake Traction Company, and each of them, be decreed to pay unto the complainant the amount due by a short day

to be fixed by the court, and in default of such payment that all of said property of said two companies be sold to satisfy such amount and costs.

By an amendment filed on January 11, 1916, the complainant changed the amount due from $20,000 to $40,000, and also inserted the following: "And your orator further represents that the improvement constituted one entire railroad extending from the city of Sycamore, DeKalb county, Illinois, to the city of Marengo, McHenry county, Illinois, and was constructed and is operated as one single line of railroad; that your orator was the original contractor for the construction of said railroad from the city of Sycamore, DeKalb county, Illinois, to the city of Marengo, as aforesaid, and said railroad was constructed by your orator under the contracts aforesaid and the contract hereinafter mentioned, called the force account, and your orator alleges that there were no sub-contractors or sub-contracts for construction of said railroad. Your orator represents that the defendant the Northeastern Electric Railway Company, and the defendant the Interurban Construction Company, corporations as aforesaid, were identical and owned and controlled by the Woodstock and Sycamore Traction Company, and that the officers and directors of each of said defendants were the same as the officers and directors of the defendant Woodstock and Sycamore Traction Company; (that the defendant the Woodstock and Sycamore Traction Company assumed all the contracts, as aforesaid, of complainant for the construction of said railroads, as aforesaid, made and entered into with said defendants the Interurban Construction Company and the Northeastern Electric Railway Company,) and that all payments for work done and material furnished in the construction of said railroad and under the contracts aforesaid were made to your orator directly by the Woodstock and Sycamore Traction Company, and that the bonds and stock of said Interurban Construction Company and said Northeastern Electric Railway

Company were sold and the proceeds thereof turned over to said Woodstock and Sycamore Traction Company, and said Woodstock and Sycamore Traction Company (assumed all liability in the construction of said railroad and) controlled fully and entirely the construction of said railroad, and said railroad was constructed under the direction of said Woodstock and Sycamore Traction Company and its officers and engineers, and that the stock and bonds of said defendants the Interurban Construction Company and of said Northeastern Electric Railway Company, and all the real and personal property of said last mentioned companies, were owned by said Woodstock and Sycamore Traction Company. Your orator further represents that while he was engaged in the construction of said improvement, by some arrangement unknown to your orator, the defendant the Chicago, Waukegan and Fox Lake Traction Company assumed control of the Woodstock and Sycamore Traction Company and the completion of the construction of said line, and under the contracts aforesaid for part of said improvement was entered into directly with your orator and said Chicago, Waukegan and Fox Lake Traction Company, but the work performed and materials furnished by your orator under said contracts was in the construction of said railroad of the Woodstock and Sycamore Traction Company. Your orator further represents that a part of the construction of said railroad was performed by your orator under contract made with said Woodstock and Sycamore Traction Company and with its officers, said contract being known and denominated as the 'force account;' [that said force account related to work and labor and material which was provided for and covered by said contracts attached to said original bill of complaint, marked exhibits 'A,' 'B,' 'C,' 'D,' 'E' and 'F,' and was a book account or form by which said original contracts were performed by complainant, said book account or force account being kept by the officers and agents of said Woodstock and Sycamore Trac-

tion Company and denominated as a force account on the books of said railroad company for the purpose of keeping account of certain of the work provided for by said contracts marked exhibits 'A,' 'B,' 'C,' 'D,' 'E' and 'F,' and each of them;] that under and by virtue of said contract entered into between your orator and said Woodstock and Sycamore Traction Company, the said Woodstock and Sycamore Traction Company advanced sums of money sufficient to pay for the labor and material used in such construction, and that your orator superintended the said construction, and for his services he was to receive the sum of fifteen per cent of the amount of said expenditures, and by virtue of said force account your orator constructed the line of said railroad extending through and over the streets of the city of Genoa, Illinois, and the line of said railroad extending upon and over the streets of Marengo, and that under said contract or force account your orator ballasted the track of said Woodstock and Sycamore Traction Company from the city of Sycamore to the city of Genoa, and ballasted the track through the city of Genoa of said railroad, and ballasted the car-barn extension of said railroad, and also the line of railroad extending north from Genoa to Marengo and from Sycamore to Genoa, and other work in said construction was included in said force account contract, an itemized statement of which will be furnished and shown as evidence in this case on the hearing thereof; that a large part of said sum of $40,000 now due your orator from the said railroad companies, and for which this lien is to be enforced, is due and payable to your orator under said contract denominated and called said 'force account;' that under and by virtue of said contract or force account the estimates of the work were all submitted to the engineers of said Woodstock and Sycamore Traction Company and approved by them." The portions of the foregoing amendment in parentheses were stricken out by a subsequent amendment and the portion in brackets added.

The demurrer of the defendant the Woodstock and Sycamore Traction Company, which was filed on March 28, 1916, was on the ground that the complainant had not, in and by his amended bill, made or stated such a case as entitled him in a court of equity to any recovery or relief from said defendant, and for a further cause of demurrer that the bill of complaint as amended was not filed within the time provided by law for the filing of a bill for the enforcement of an original contractor's lien, and a further demurrer that it appeared from the bill of complaint as amended that the said contracts under which the complainant claimed to have done the work and furnished the materials for which he claimed the lien were not contracts with the Woodstock and Sycamore Traction Company but were contracts which as to said company were sub-contracts, and that if the complainant was entitled, by virtue of the facts alleged in said amended bill, to any lien whatever, such lien was a lien conferred by the Sub-contractor's Lien statute, and that it appeared from the said bill of complaint as amended that the complainant had not complied with the conditions prescribed by such Sub-contractor's Lien statute for the perfection of such a sub-contractor's lien, and that the complainant has been guilty of *laches.*

Appellant, in both the original and amended bills, is claiming as an original contractor. It is the contention of appellant that while the companies with whom he actually made the contracts in writing were in form independent corporations, they had the same officers as the Woodstock and Sycamore Traction Company and were entirely controlled and dominated by the latter company; that the work and materials for which he claims a lien were furnished under the direction of the officers of that company, and whatever payments were made were made by it; that such contracting corporations were mere dummies organized to construct the railroad known as the Woodstock and Sycamore Traction Company, and that, such being the case,

he could claim his lien as an original contractor the same as if he had contracted directly with that company.

There are authorities that hold that where a railroad contractor makes a contract with a construction company organized to construct the railroad, and where the railroad company and the construction company have the same officers, and the two companies are, in effect, one and the same, in such case the construction company is to be considered as the mere agent of the railroad company, and the contractor can pursue his remedy under the Mechanic's Lien law as an original contractor with the railroad company. (*McDonald* v. *Charleston, Cincinnati and Chicago Railway Co.* 93 Tenn. 281, and cases cited; *Wick* v. *Ft. Plain and Rickfield Springs Railway Co.* 50 N. Y. Supp. 479; *Stark Electric Railway Co.* v. *McGinty Contracting Co.* 238 Fed. Rep. 657, and cases cited.) In *Central Trust Co.* v. *Bridges,* 57 Fed. Rep. 753, which is followed by *Construction Co.* v. *Railroad Co.* 68 id. 105, it was held that where a contractor seeking to enforce a lien had made his contract, not with the railroad company but with another party or a construction company, he must pursue his remedy as a sub-contractor. But in each of those cases the decision was based upon the holding that the party seeking to enforce the lien was, in fact, a sub-contractor, and it was not shown that the party with whom the contract was made and the railroad company were to all intents and purposes identical. In *Chicago Union Traction Co.* v. *City of Chicago,* 199 Ill. 579, we held that in determining the duty of a public service corporation to the public the substance of things will be looked to and consideration will not be given to corporate forms and fictions. The opinion in that case, which is full and exhaustive, cites many cases in which the same principle has been upheld in different kinds of action.

The decree in the case at bar dismisses the amended bill of complaint without prejudice to any right the complainant may have to proceed, either at law or in equity, other-

wise than by a suit to enforce a lien, for the enforcement of any claims he may have against the said defendants or any or either of them. If the complainant had any right, under the circumstances, to sue the Woodstock and Sycamore Traction Company direct for labor performed and materials furnished, it would seem that he had a right to a lien for such labor and materials as a contractor who had made a contract direct with such company. The Railroad Lien law of this State gives a lien to both contractors and sub-contractors. There is a difference in the method of procedure in enforcing such lien. A sub-contractor must serve a notice in writing on the president or secretary of the railroad corporation within twenty days after the completion of such sub-contract or file such notice with the circuit clerk of the county in which the sub-contract was made or the labor performed. The object of such notice is, of course, to give the railroad company an opportunity to withhold the amount claimed by the sub-contractor from the original contractor. There can be no doubt that where the work is done or material is furnished by a contractor entirely independent of the railroad company, the person seeking a lien for such material or labor must proceed under the statute in the manner provided for a sub-contractor. On the other hand, where the person seeking such lien has dealt with a construction company which is, in fact and effect, the same as the railroad company itself, or where such construction company has been organized for the sole purpose of constructing the railroad and has no other business and has the same officers as the railroad company and substantially the same stockholders and directors, who elected such officers, and one is entirely dominated and controlled by the other, in such case the contract with the construction company is a matter of form. The construction company is a mere agent of the railroad company and its contract is the contract of the railroad company itself, and the

lienor can pursue his remedy as an original contractor with the railroad company.

As to whether the appellant is entitled to enforce his lien against the railroad company itself in the instant case depends entirely upon the proof. We think, however, that he has alleged sufficient facts in his amended bill to entitle him to make that proof if he can. The only corporation which had anything to do with the matters in controversy is in reality the Woodstock and Sycamore Traction Company, which we gather from the record is the real party in interest and is a railroad corporation owning a railroad which has been actually constructed. Lumley, the president, and Spenny, the secretary, are also president and secretary, respectively, of all the other companies mentioned. The stockholders and directors of the respective companies elected them to the positions they held, and the purpose of all of the said corporations, and of the stockholders, directors and officers thereof, was the single purpose of building a railroad between Sycamore and Woodstock through Genoa and Marengo, known as the Woodstock and Sycamore Traction Company. Under the facts and circumstances set up in the bill and admitted by the demurrer, all these corporations are, in fact and effect, the same. This is a proceeding in equity. "A demurrer for want of equity cannot be sustained unless the court is satisfied that no discovery or proof properly called for by or founded upon the allegations in the bill can make the subject matter of the suit a proper case for equitable cognizance.—*Bleeker* v. *Bingham,* 3 Paige, 246; 1 Johns. Cas. 427." *Coryell* v. *Klehm,* 157 Ill. 462; *Wormley* v. *Wormley,* 207 id. 411.

Nor do we think the amendment to the bill stated a new cause of action. The appellant's cause of action or the ground on which he filed his bill of complaint was that he had furnished materials and performed work in the construction of the line of railroad in question, the Woodstock and Sycamore Traction Company. While a different

question might arise if the rights of some other lienholder were involved who would have a right to depend upon the amount and character of the claim as originally filed, we do not think there is any question but that as to the railroad company itself he could amend his claim to conform to the facts which he expected to prove concerning the work performed and the materials furnished, and it should not be considered a new cause of action. The judgment of the Appellate Court is apparently based on the holding that appellant was, if anything, a sub-contractor and had not set up a cause of action in his original bill and that the amendment set up a new cause of action by allegations which tended to show that he was an original contractor with the railroad company. If, however, he was entitled to claim a lien as an original contractor then his original bill was proper and the amendment merely amounted to curing a defective statement of a good cause of action. The original bill, which was filed in time, sought to subject the railroad company to a lien for materials furnished and work performed by appellant, and the amendment more specifically sets out the manner in which some of the work was performed and the materials were furnished by arrangement or contract with the officers of the railroad company itself and the manner in which the accounts were adjusted under the contracts and claims set up in the original bill.

For the reasons given the judgment of the Appellate Court affirming the decree of the circuit court will be reversed and the cause remanded to the latter court, with directions to overrule the demurrer, and for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

CARTWRIGHT and DUNN, JJ., dissenting.